NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-1092                                          Appeals Court


COMMONWEALTH  vs.  VALDEIR AGUIAR DO NASCIMENTO.


No. 16-P-1092.

Nantucket.     April 6, 2017. - June 7, 2017.

Present:  Vuono, Wolohojian, & Carhart, JJ.[1]


Electronic Surveillance.  Privacy.  Statute, Construction.



Complaint received and sworn to in the jury session of the
Nantucket Division of the District Court Department on July 17,
2015.

The case was tried before Thomas S. Barrett, J.


Edward Crane for the defendant.
Catherine H. Robertson, Assistant District Attorney, for
the Commonwealth.


WOLOHOJIAN, J.  We consider here whether G. L. c. 272,

§ 105, as amended by St. 2014, c. 43, in response to

Commonwealth v. Robertson, 467 Mass. 371 (2014), protects people

in public places.  The defendant argues that, although the

_____

[1] Justice Carhart participated in the deliberation on this
case prior to his retirement.

Legislature clearly intended that the amended statute apply to public places, it failed to effectuate its intent.  We disagree, and affirm the defendant's conviction.

The defendant was charged with, and convicted of, violating G. L. c. 272, § 105, for using his cellphone to videotape surreptitiously two teenage girls under their sundresses while traveling on the ferry to Nantucket.  The conduct took place on July 12, 2015, more than a year after the Legislature had -- in response to public outcry over the Robertson decision -- amended the statute to add the following language, portions of which we have highlighted because they are our focus here:

> "Whoever wilfully photographs, videotapes or electronically surveils, with the intent to secretly conduct or hide such activity, the sexual or other intimate parts of a person under or around the person's clothing to view or attempt to view the person's sexual or other intimate parts when a reasonable person would believe that the person's sexual or other intimate parts would not be visible to the public, and without the person's knowledge and consent, shall be punished . . . "

G. L. c. 272, § 105(b).

> "'Sexual or other intimate parts,' [are defined as] human genitals, buttocks, pubic area or female breast below a point immediately above the tip of the areola, whether naked or covered by clothing or undergarments."

G. L. c. 272, § 105(a).  In essence, the defendant argues that because no reasonable person would believe his or her clothed anatomy would not be visible in a public place, the statute must be limited to non-public spaces.

The amended language came about, as we noted above, in response to public reaction to Robertson, supra, in which the Supreme Judicial Court reversed the conviction of a man who had surreptitiously videotaped and photographed the clothed crotch areas of women seated across from him on the MBTA trolley. Robertson involved the earlier version of the statute, which applied only to persons who were photographed when "nude or partially nude." Id. at 375. Because the victims in that case were neither nude nor partially nude, the Supreme Judicial Court concluded that the defendant's conduct was not covered by the statute. Ibid. Deciding as it did, the court did not reach Robertson's additional argument that the statute did not apply to conduct in public places.

Reaction to the Robertson decision was negative, swift, and strong.[2] The Legislature reacted immediately by amending the statute to cover the type of conduct that had occurred in Robertson; namely, the surreptitious photographing or videotaping of a person's clothed private anatomy even when in public.[3] The defendant acknowledges that the Legislature clearly

---

[2] See State House News Service, Senate Session, Thursday, March 6, 2014; State House News Service, House Session, Thursday, March 6, 2014.

[3] See 2014 House Bill No. 3934, which became St. 2014, c. 43.

intended to amend the statute to cover the conduct at issue here.

What remains is to decide whether the statutory amendment effectuates that legislative intent.  We believe it does.  On its face, the amendment is unlimited as to location, referring neither to public nor private spaces.[4]  Instead, the amended statute applies "when a reasonable person would believe that the person's sexual or other intimate parts would not be visible to the public."[5]  The word "when" refers to a point in time and, although location certainly is a factor to be considered in assessing what an objectively reasonable expectation would be at that particular moment, it is neither the only factor nor is it necessarily dispositive.  Likewise, a person's state of dress or undress is a factor to be considered, but it too is not

---

[4] By contrast, some analogous statutes in other states explicitly state that they apply to both public and private places.  See Maryland Criminal Code § 3-902(c)(2) (statute applies "regardless of whether the individual is in a public or private place"); Nevada Revised Statutes 200.604(8)(e)(2) (same); Oklahoma Stat. Ann. § 1171.C (same).  However, such language is not universal.  Other states' statutes refer to "place," "place and time," or "where."  See Florida Statutes Ann. § 810.145(c) ("place and time"); Kentucky Revised Statutes Ann. § 531.090 (1)(b) ("in a place"); Louisiana Statutes Ann. 14:283(A)(1) ("where"); McKinney's Consolidated Laws of New York Penal Law § 250-45(1) ("at a place and time"); Vermont Statutes Ann. § 2605(a)(5) ("place").

[5] By contrast, the earlier language (which remains in the statute) prohibited conduct only "in such place and circumstance [as a person] would have a reasonable expectation of privacy in not being so photographed."  G. L. c. 272, § 105(b).

dispositive.  A person does not lose all reasonable expectation of privacy in his or her covered "sexual or intimate parts" simply by being in public.  Instead, that expectation must be measured against current mores, taking into account the totality of the circumstances.  So viewed, it is an "eminently reasonable" proposition "that a woman, and in particular a woman riding on a public trolley, has a reasonable expectation of privacy in not having a stranger secretly take photographs up her skirt."  Robertson, supra at 380.  The same is true for teenage girls riding the ferry to Nantucket.

Judgment affirmed.